Citation Nr: 1452675 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 08-14 259 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to service connection for a neck and shoulder disability claimed as secondary to a May 1976 in-service injury.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

L. B. Cryan, Counsel


INTRODUCTION

The Veteran served on active duty from July 1972 to May 1977.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a September 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California which confirmed and continued the previously denied claim of entitlement to service connection for a back and left shoulder muscle strain and for spina bifida on the lumbar spine (also claimed as a neck and back injury) on the basis that no new and material evidence had been received to reopen the claim.

During this appeal, jurisdiction of this claim was transferred to the RO in Los, Angeles, California.

The Veteran testified at a Board hearing before the undersigned in September 2011; a transcript of this hearing is of record. 

In a March 2012 decision, the Board reopened and remanded the previously denied claim of service connection for a back and left shoulder muscle strain and for spina bifida on the lumbar spine (also claimed as a neck and back injury). 

Before the case was returned to the Board on appeal, the RO issued a rating decision in February 2014 granting service connection for (1) degenerative disc disease (DDD) of the lumbar spine at L4-5 and L5-S1, and assigned a 20 percent rating effective from April 6, 2006; (2) radiculopathy of the right and left lower extremities, and assigned separate 10 percent disability ratings for each extremity. 

Thus, the only remaining issue on appeal is entitlement to service connection for a disability of the cervical spine and/or left shoulder. 

In addition to the paper claims file, there is an electronic record which includes a Virtual VA (VVA) electronic claims file and the Virtual Benefits Management System (VBMS). The documents in the VBMS and VVA files have been reviewed. 


FINDINGS OF FACT

1. A cervical spine disability, including cervical spine degenerative disc disease (DDD), was not shown in service or within one year after separation from service; the Veteran's cervical spine disability is not etiologically related to service and is not proximately due to or a result of an in-service injury to the low back. 

2. The Veteran has not had a left shoulder disability at any time during the pendency of his claim; his complaints of left shoulder pain have been associated with his cervical spine DDD. 


CONCLUSIONS OF LAW

1. The criteria for service connection for a left shoulder disability have not been met at any time during the period covered by this claim. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2014).

2. DDD of the cervical spine was not incurred in or aggravated by service, and arthritis of the cervical spine may not be presumed to have been incurred therein. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2014).








REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

VA has a duty to provide notification to the Veteran with respect to establishing entitlement to benefits, and a duty to assist with development of evidence under 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159(b).

The duty to notify was satisfied prior to the initial RO decision by a letter sent to the Veteran in April 2006 that informed him of his and VA's duty for obtaining evidence. Pelegrini v. Principi, 18 Vet. App. 112 (2004). The letter provided notice of information and evidence is needed to establish disability ratings and an effective date. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). The letter also notified the Veteran that his claim was previously denied and that he needed new and material evidence to reopen his claim. See Kent v. Nicholson, 20 Vet. App. 1 (2006). 

VA also has a duty to assist a Veteran in the development of the claim. This duty includes assisting him in the procurement of service treatment records and other pertinent records, and providing an examination when necessary. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2014). The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the appellant. See Bernard v. Brown, 4 Vet. App. 384 (1993). The claims file contains service treatment records (STRs), VA treatment records, and private treatment records. The Veteran testified at a Board hearing in September 2011 and the Veteran had VA examinations, and opinions from a Veterans Health Administration (VHA) physician were obtained in August 2013. 

The undersigned VLJ who conducted the September 2011 hearing noted the current appellate issues at the beginning of the hearing, and asked questions to clarify the appellant's contentions and treatment history. The appellant provided testimony in support his claims and expressed his contentions clearly. Bryant v. Shinseki, 23 Vet. App. 488 (2010). Moreover, neither the appellant nor his representative has asserted that VA failed to comply with 38 C.F.R. 3.103(c)(2), nor have they identified any prejudice in the conduct of the hearing. At the hearing, the Veteran was specifically notified that he could submit a private medical opinion showing a nexus between this current disabilities and service to support his claim. The record was held open for 60 days to allow enough time for the Veteran to submit a private medical opinion and additional private treatment records. Additional private pain management records were submitted, but the Veteran did not obtain and submit a medical opinion to support his claim. 

The Board remanded the case in March 2012. The RO subsequently sent a letter to the Veteran in October 2013 requesting that he provide proper authorization for VA to obtain private treatment records on his behalf. In a December 2013 response, the Veteran submitted treatment records from Dr. Z, his pain management doctor, and Dr. A who performed his most recent neck surgery in July 2013. The Veteran indicated that all other private treatment records were previously submitted. 
Findings from the VHA physician's August 2013 examination report are adequate for the purposes of deciding the claims on appeal. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). The examiner reviewed the record and provided a complete rationale for the opinions based on sound medical principles. 

All development directed by the Board's prior remands in this case appears to have been accomplished. Accordingly, a new remand is not required to comply with the holding of Stegall v. West, 11 Vet. App. 268 (1998). See Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (Remand not required under Stegall where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002).

As such, the Board finds that all reasonable efforts were made by VA to obtain evidence necessary to substantiate the claims and no further assistance to develop evidence is required.





Service Connection

Service connection may be established for a disability resulting from personal injury suffered or disease contracted in the line of duty or for aggravation of preexisting injury suffered or disease contracted in the line of duty. 38 U.S.C.A. 
§§ 1110, 1131; 38 C.F.R. § 3.303. 

Generally, to establish service connection, there must be lay or medical evidence of (1) a current disability, (2) incurrence or aggravation of a disease or injury in service, and (3) a nexus between the in-service injury or disease and the current disability. See38 U.S.C. § 1110; Davidson v. Shinseki, 581 F.3d 1313, 1315-16 (Fed .Cir.2009); Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed.Cir.2004); 38 C.F.R. § 3.303 (2014).

Lay assertions may serve to support a claim for service connection by establishing the occurrence of observable events or the presence of disability or symptoms of disability subject to lay observation. 38 U.S.C.A. § 1153(a) (West 2014); 38 C.F.R. § 3.303(a) (2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F. 3d 1331, 1336 (Fed. Cir. 2006) (addressing lay evidence as potentially competent to support presence of disability even where not corroborated by contemporaneous medical evidence). The United States Court of Appeals for the Federal Circuit (Federal Circuit) has clarified that lay evidence can be competent and sufficient to establish a diagnosis or etiology when (1) a lay person is competent to identify a medical condition; (2) the lay person is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

The Veteran maintains that, in addition to his lumbar spine, he injured his neck and shoulder in a May 1976 in-service injury. See April 2006 claim form. 

At his September 2011 hearing, the Veteran testified that his back had bothered him since the motor vehicle accident he was involved in at Fort Hunter Liggett. His service treatment records demonstrate that in May 1976, he presented with complaints of a low back ache and left shoulder pain, as well as left ankle pain and left hand pain, after a motor vehicle accident. In December 1976 the Veteran was treated for complaints of a pulled muscle in his back, and the diagnosis was right infraspinatus muscle strain. The Veteran reported continued back pain in March 1977. His February 1977 separation examination noted recurrent left back and left neck pain possibly secondary to muscular strain but he did not report any neck, back or shoulder pain on his February 1977 Report of Medical History.

The Veteran had lumbar surgery for the first time in 1987 and cervical spine surgery for the first time in 2000. He currently has a diagnosis of mid to lower thoracic pain secondary to spondylosis/myofascial pain; chronic low back pain with degenerative disc disease, spondylosis; and a history of herniated nucleus pulpous status post three lumbar spine surgeries. He also had a history of cervical spine pain status anterior cervical decompression and fusion. Service connection has been granted for the lumbar spine DDD, but not for the shoulder or neck.

A medical examiner in August 2013 opined that the Veteran's neck disability was less likely than not incurred in or caused by the claimed in-service injury. The examiner, who reviewed the claims file and acknowledged that neck pain was noted on the Veteran's 1977 discharge examination report, reasoned that there were no reports of neck pain or injury at the time of the accident in May 1976 and records show he was treated for a cervical disk herniation starting in 2000, 24 years after service. The examiner found that the Veteran's disc herniation was likely an acute event and not related to any trauma over twenty years earlier. 

Regarding the Veteran's left shoulder pain, the examiner could find no definitive diagnosis of the left shoulder other than pain and weakness, which he opined was likely related to the Veteran's neck condition.

The Board has considered the Veteran's lay statements and acknowledges that he is competent to provide evidence as to their observations. Barr v. Nicholson, 21 Vet. App. 303 (2007). However, the determination as to the etiology of a cervical spine DDD disability and shoulder pain is a medical matter beyond a layperson's comprehension. See Jandreau v. Nicholson, 492 F.3d 1372 (2007). Because the record does not reflect that the Veteran has specialized medical training in the field of orthopedics or neurology, the Veteran is not competent to determine that his cervical spine disability with shoulder pain is related to service, to include an in-service injury. 

Having considered the Veteran's statements as to his symptoms and observations, the Board finds that the opinions rendered by the medical professional in this case are of significant probative value, as the physician has the requisite knowledge, experience, and training to render opinions regarding the etiology of the Veteran's cervical spine disability and shoulder pain. He was aware of the notations of shoulder pain at the time of the in-service injury and he was aware that the examiner at discharge in 1977 noted neck and back muscle strain; yet, the examiner found that the current disability is more likely than not unrelated to those findings in service. Therefore, the medical evidence outweighs the Veteran's contention that his neck DDD with radiating shoulder pain is related to service, to include the in-service injury.

The preponderance of the evidence is against the claim that service connection for DDD of the cervical spine is warranted. The Board acknowledges that the Veteran has reported that his "back" pain had its initial onset in service. However, the Veteran's statements regarding onset of neck symptomatology have been inconsistent. The Veteran reported shoulder pain at the time of the initial injury, but did not report shoulder pain at the time of discharge. Similarly, the Veteran did not report neck pain at the time of the injury, but the examiner noted neck and back pain due to muscle strain at the time of discharge from service. Then, the Veteran's initial claim for service connection for a back disability in 1977 included neck and back strain, but not the shoulder. 

There are no post-service treatment records showing treatment for a neck disability until 2000. Further, a November 2000 private treatment record from Dr. Alexander indicates that the Veteran had only a one-year history of progressive pain radiating from his neck into his posterior mid scapular area. In addition to the Veteran's inconsistent statements regarding the onset of symptomatology, the medical evidence does not support a finding that the current cervical spine DDD manifested in service or within the first post-service year. The service treatment records show evidence of back and shoulder muscle strain, and neck muscle strain, but the examiner in August 2013 essentially found that the neck and shoulder muscle strains were acute and transitory, and this is supported by a two-decade lapse in time where no treatment was provided. Further, the current diagnosis with regard to the Veteran's neck and shoulder is not the same as what was noted at the time of separation. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (holding that it is proper to consider the Veteran's entire medical history, including the lengthy period of absence of complaint with respect to the condition he now raised). For these reasons, the Board finds that the Veteran's contention that his current neck and shoulder pain began in service or within one year after service is outweighed by the medical examiner's opinion to the contrary. 

The Veteran's representative argues that the August 2013 examination is not adequate because the Veteran's neck motion could not be measured at that time because the Veteran was wearing a post-surgical neck collar which he was not cleared to remove. The Board disagrees with the Veteran's argument because the issue at hand is whether the Veteran's current disability is related to service, and not the current level of severity of that disability. The examiner clearly acknowledged a finding of neck pain at discharge from service; and, found a current diagnosis of DDD of the cervical spine. The examiner also opined that the Veteran's neck pain radiated to the shoulder. This is the same diagnosis indicated by the private doctors in January 2001 just prior to his cervical spine surgery. As a proper diagnosis was noted on the August 2013 examination and as the examiner's opinions are competent and based on sound medical principles, the examination is adequate for its intended purpose and measurements of the neck motion would not change the outcome of this decision. 

Furthermore, the medical evidence does not support a finding that the Veteran's cervical spine DDD manifested in service or within one year after separation from service. For these reasons, the preponderance of the evidence is against a finding that the Veteran's current cervical spine disability manifested in service or within the first post-service year, and the Veteran is not entitled to the presumption of service connection under 38 C.F.R. § 3.303(b). 

Second, the preponderance of the evidence is against the claim for service connection on a direct basis. Though there is a current diagnosis of a cervical spine disability, the competent medical evidence of record establishes that the current cervical spine DDD is unrelated to service. 

Even if the Board concedes the existence of an in-service muscle strain involving the neck and shoulder, the preponderance of the evidence is against a finding that that same muscle strain resulted in the current DDD shown today. Thus, a causal relationship between the present disability and a disease or injury in service, is not met, and service connection for cervical spine DDD with radiating left shoulder pain on a direct basis is not warranted. 38 C.F.R. § 3.303. 

Finally, no separate disability of the shoulder has been identified. Although the Veteran has pain in his shoulder, it is well-established that a symptom such as pain alone, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted, unless there is a medical nexus linking the veteran's pain to an incident in service. See Sanchez-Benitez v. Principi, 239 F.3d 1356 (Fed. Cir. 2001). Specifically, such a "pain alone" claim must fail when there is no sufficient factual showing that the pain derived from an in-service disease or injury. Such pain cannot be compensable in the absence of proof of an in-service disease or injury to which the current pain can be connected by medical evidence. See also, Mitchell v. Shinseki, 25 Vet.App. 32, 37 (2011) (although pain may cause a functional loss, pain itself does not constitute function loss).

A claim for service connection requires medical evidence showing that the veteran currently has the claimed disability. See Degmetich v. Brown, 104 F.3d 1328 (Fed. Cir. 1997); Rabideau v. Derwinski, 2 Vet. App. 141, 143 (1992); Gilpin v. Brown, 155 F.3d 1353 (Fed. Cir. 1998) [service connection may not be granted unless a current disability exists]. The record does not demonstrate the presence of a separate left shoulder disability. 

For the above reasons, the preponderance of the evidence is against the Veteran's claim of entitlement to service connection for a disability of the cervical spine and/or left shoulder. Therefore, the claim on appeal is denied. See 38 U.S.C.A. § 5107. 

ORDER

Service connection for DDD of the cervical spine is denied. 

Service connection for a left shoulder disability is denied. 



____________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs